Our second case for this morning is Johnson v. United Airlines May it please the Court, Ada Dolf on behalf of United Airlines, Inc. and United Continental Holdings, Inc., and I'll refer to both of them as United. Plaintiff brings a claim against United under the Illinois Biometric Information Privacy Act, or BIPA. Plaintiff alleges in his complaint that United violated every aspect of BIPA, from the initial collection of his fingerprint scan without the required release, to the storage, usage,  his fingerprints. If you could use real words rather than initialisms, it would help those of us who are generalists. I understand, Your Honor. I will call it the Biometric Information Privacy Act. Just call it the Act. I will call it the Act. Thank you. Plaintiff alleges in his complaint, as I noted, that United violated every aspect of the Act, from the initial collection of his fingerprint scan without the required release, to the storage, usage, and disclosure of his fingerprint scan to third parties without his consent. So, Ms. Dolf, why did the district court have jurisdiction over this case? The underlying district court had federal subject matter jurisdiction on two grounds. That is, complete preemption under the Railway Labor Act, because the claims at issue will require the interpretation of a collective bargaining agreement between Mr. Johnson's union and United, as well as under CAFA. So, let's talk about… If you could use real words instead of initialisms, it would help those of us who are generalists. Thank you, Your Honor. That carries over. There are a lot of initialisms. Real words would help all the time. Right. So, the class action fairness. Let's start with the so-called complete preemption idea. This court has held, in the Hughes case, that Railway Labor Act preemption is normal preemption. In other words, it's not automatically a federal claim in the same way that certain other areas have been so designated by the Supreme Court. And, of course, if it's defense preemption, then it's not removable from the state court on federal question grounds. So, why does Hughes not wipe out your first ground of district court jurisdiction? Hughes did not eradicate complete preemption in the Seventh Circuit. It's a very limited ruling. By its very terms, it's limited to wrongful discharge claims, and it also is aligned with the Supreme Court's decision in Hawaiian Airlines, which said that even wrongful discharge claims that require interpretation of a collective bargaining agreement are still completely preempted. Well, I don't know that Hughes ruled so narrowly because, of course, if you've got a 301 claim, that's one thing where there's interpretation of the collective bargaining agreement. But I can't see any cases in which Railway Labor Act claims have been regarded as anything but defensive preemption, and that is raisable and should be raised in the state court. With all due respect, Your Honor, I disagree. The lingual Supreme Court decision outlined very clearly that Section 301 under the LMRA. That's Section 301 of the LMRA. That's correct. That's a different statute from the Railway Labor Act. Hawaiian Airlines specifically stated, given this convergence in the preemption standards under the two statutes, that is referring to Section 301 of the Labor Management Relations Act, we conclude that lingual provides an appropriate framework for addressing preemption under the RLA, and we adopt the lingual standard to resolve claims of RLA preemption. If you could use real words instead of acronyms or initialisms, it would help. Right? RLA. There are too many. I thought you agreed you would help us that way. My apologies, Your Honor. In any event, Hawaiian Airlines adopted the preemption standards specifically that are applied by. . . But that's evaluating preemption. That's not talking about whether federal question jurisdiction automatically adheres in a claim, no matter what the label may be. So I want to go back to some of the underpinnings of lingual and Hawaiian Airlines that were addressed in the Hughes case. The first point I want to make is that neither lingual nor Hawaiian Airlines were cases that were removed on complete preemption grounds. They both were removed on different grounds. So really neither. . . Well, that might tell you. . . Maybe the answer is, never mind complete preemption. Let's talk about the Class Action Fairness Act. That would be fine with me, because maybe this is a discussion that's not important to this case. But I have some problems with the Class Action Fairness Act, too, I will tell you right away. Let me go to the Class Action Fairness Act, and we can turn back to complete preemption under the RLA, which we focused exclusively on the Hughes holding, which is limited to wrongful discharge claims and those wrongful discharge claims that do not require the interpretation of a collective bargaining agreement, which is not the case here. We've talked about two points in the collective bargaining agreement that will absolutely need to be interpreted. But let's go to the Class Action Fairness Act. But see, as I understand your argument under the Class Action Fairness Act, it has two parts. One part is that you are putting your own construction on the class that the plaintiffs want, and you're saying that they want a nationwide class, even though when they went to the state court, they asked for an Illinois class. But, okay, there's an issue there. The second thing that bothers me is that your briefs, at least, and your materials keep talking about Illinois employees. And I'm having trouble finding something in the record that shows where the minimal diversity of citizenship exists. I'm looking for a person who is a citizen of Indiana or a person who is a citizen of North Dakota or someplace not Illinois or Delaware. And the pleadings are woefully deficient in this respect. You're the ones who removed this, and so that's your problem. Understood, Your Honor. The Supreme Court has held that, for example, the amount in controversy and other items that must be met to achieve subject matter jurisdiction under the Class Action Fairness Act are pleading burdens, not evidentiary burdens. I understand. And so where do you plead that somebody is a citizen domiciled in a different state from the states of citizenship for United Airlines? Your Honor, we plead that in our removal papers, where we talk about the breakdown of the employees between the Illinois, Delaware, and employees residing outside of those states. It looks as though you're talking about where they work. Correct, Your Honor. Those sorts of people work at O'Hare who might live in Indiana or who might live in Wisconsin, but maybe they live in Illinois. I don't know. Your Honor, we use that, and that was our best evidence available. But that's not evidence of citizenship. You can get discovery. This happens in cases under either the regular diversity jurisdiction or the Class Action Fairness Act. And on top of that, if there had been discovery, there's some mumbling in the background that exceptions to the Class Action Fairness Act may be triggered here, where it's an Illinois citizen and a class of overwhelmingly Illinois citizens and thus maybe not within the scope of the statute. I feel as though we've turned over a rock, and there are a lot of things crawling underneath this rock. If I may, Your Honor, the Class Action Fairness Act was a response to state court abuses of class action. I'm familiar with its history, please.  So are every member of this panel. But it has statutory requirements, and this is subject matter jurisdiction. That's correct, Your Honor. Defendants met their burden to establish the diversity of the class. The information that we had available to us at that time in terms of submitting with the removal papers were where the employees work. So you're admitting that you have no allegation in your removal papers that you found anyone who was a citizen of a state other than Illinois or Delaware? No, Your Honor, I'm not conceding that. Certainly our removal papers talked about that we used the information regarding where employees worked to determine that there is at least one employee outside of Illinois that is a member of the class. Why don't you use your employment files about what their home address is? Now, of course, there could be a fight if the home address is in Indiana, say, about whether that's actually their domicile. But alleging where they work as opposed to alleging their home address seems very odd. Your Honor, that was the evidence that we presented at the time of our removal, and we do think that it is reasonable to infer, and we did include... that someone is domiciled in the place where they work. I, off the top of my head, can think of all sorts of people who prefer living in northern Indiana by the beach and they dutifully drive in... Members of this court, for example, who are not domiciled in Chicago. I understand, Your Honor, but we're talking about 34,000 employees. You're making a guess that somebody is domiciled in a state other than Illinois, but you've told us they work in Illinois. It's just a bad record. If I may, Your Honor, we certainly pleaded in our notice of removal papers that the class was diverse. We used the information about where employees worked to meet that pleading requirement. But we don't ever accept... I mean, you should look at our jurisdictional orders. When somebody comes in with a brief... All of us in our capacities as chief judges, present and past, have looked at this. If somebody just comes in with a jurisdictional statement saying, A is from a state different from B, you know, A is domiciled in a state different from B, we toss that out. We say, no, you have to tell us what's the state, where are they domiciled. If it's an LLC, you've got to work all the way down the layers of... In other words, we demand specificity. So just saying, our seat of the pants guess is, out of all these people who work in Illinois, somebody must be domiciled in a place other than Illinois. It just doesn't work. The Supreme Court has called this a pleading requirement, and we believe strongly that we met that with the information that we provided in support of removal. Plaintiffs have never challenged the domicile... It doesn't matter. You're telling me that parties have to agree to subject matter jurisdiction, which is not the case. What I'm saying, Your Honor, is the pleading requirement at the notice of a removal stage is limited. It's a pleading requirement. It's not an evidentiary standard. You have to plead subject matter jurisdiction in a way that the court can assure itself that there is subject matter jurisdiction. And you still haven't told me where we know that the necessary minimal diversity for CAP, for the Class Action Fairness Act, exists. How am I supposed to know that if I read your removal papers? It is pleaded in our removal papers and supported by information regarding employees who work across all 50 states. It would be unreasonable to assume... That takes me to the other point because I understand, looking at the papers as a whole, that they are asking for an Illinois class. Why should the Illinois Biometric Information Privacy Act apply to people who live in Wisconsin? That matter is not settled, Your Honor, and the Class Action Fairness Act has very clear language for very good reason regarding what constitutes a class. And it says a class is defined as those members of a proposed or certified class definition. And I can have the exact language. It's the persons, named or unnamed, who fall within the definition of the proposed or certified class in a class action. So the state court complained in their motion. The plaintiffs say this court should certify a class of Illinois workers whose biometric identifiers and biometric information was captured, collected, stored, etc., etc. Anyway, it's an issue, so... Your Honor, there are many reasons why the Class Action Fairness Act should be applied strictly here. Going through even this court's jurisdiction on this... What about the unsaid exception, then, if we're going to apply it strictly? We submit that we have met our pleading standard and provided evidence in support of the diversity of the class based on the information regarding where employees work and a reasonable inference about, then, where they reside in our citizens. Particularly here, we're not talking about two states in which people work. We're talking about all 50 states in which employees are located. And we believe we clearly met that burden. Plaintiffs here are relying upon an introductory statement in their motion for class certification. It's certainly not been certified to not include Illinois citizens. No, it's not certified at all. That's correct, Your Honor. So we have to go to the proposed class definition. And that is all individuals whose biometrics were captured, collected, obtained, stored, or used by United any time within the applicable limitations period. It is that same class definition in the motion for class certification and in the complaint. Now, plaintiff's counsel here, also in his motion for class certification, talks about his experience with class actions. If he intended to make this... Okay, you need to wrap up because your time is up. Thank you. Thank you. Mr. Geske. Good morning. I'd like to apologize in advance if an acronym escapes from my mouth. But anyways, may it please the Court, I'm Paul Geske. We'll give you one acronym free. I'll take it. They're mostly initialisms. They're acronyms only if you can pronounce them. These things you can't. I'm Paul Geske, counsel for Plaintiff Appellee David Johnson. The absence of subject matter jurisdiction is not an issue that can be waived or ignored. Once a court determines that it lacks subject matter jurisdiction, it can go no further. In a removed case like this one, the absence of subject matter jurisdiction at the time of removal means that this case never belonged in federal court to begin with, and it therefore must be remanded. At its core... But why did it lack subject matter jurisdiction when it was removed? I certainly appreciate my colleague's point that United may not have pleaded enough about the domicile of members of the class. But I'm not sure how you get lack of subject matter jurisdiction beyond that other than the district court's way, which you are refusing to defend. Well, district court said members of your class were never injured. This was nothing but a bare procedural violation. And I found it very curious that you wouldn't say one word in defense of that holding. Well, Your Honor, to address your last point first, plaintiff certainly believes that he has standing under Illinois law to pursue his claims. But you aren't in Illinois court at the moment. Maybe you will be, but you aren't now. And so we would expect the parties to brief and argue a jurisdictional question identified by the district judge. And you flatly refused. Well, Your Honor, that's... You can't say, well, we're just not going to do it. It's a jurisdictional issue. Tough luck. We won't brief it. Well, Your Honor, it's important to be mindful of who bears the burden here on establishing jurisdiction. Plaintiff is in federal court against his will. And the defendants, as the removing parties and the proponents of federal jurisdiction, bear the burden of establishing... But it is the responsibility of counsel, as members of the bar, to advise the court on jurisdictional issues. And you have refused. That's a matter of some concern, to me at least. Well, Your Honor, as I said, we certainly believe that plaintiff has standing under Illinois law. You are not in an Illinois court. Are you going to address this issue or simply maintain your refusal? Your Honor, we're maintaining our position that we're not going to take up defendant's burden and attempt to meet it on their behalf. I think it is unethical. We have said, the Supreme Court has said, that it is the duty of counsel to address jurisdictional issues. It didn't say it is the duty of counsel to address it when convenient. Sometimes it's the duty of counsel to say things that are inconvenient. Understood, Your Honor. But, again, I think it's important to be mindful of who bears the burden. Let's get beyond what Judge Easterbrook is asking you to do, is get beyond burden. I think the reason that you're, at least the inference I'm drawing from what you're saying, which you can disabuse me of if you want to, but the inference I'm drawing is that the last thing in the world you want to say is that there is no concrete injury sufficient to meet the three, Article III standing requirements of injury in fact and of causation and of redressability. Because there are other cases, including the next case coming up before this court, in which classes of plaintiffs similarly situated under this Illinois statute, and they're all over the place. And so if the district court was wrong to say that there was no Article III standing, then that's kind of the natural position for you. We do have these weird situations where United is there championing the rights of your clients, and you are there saying, no, no, no, they don't have any rights. But you actually don't want to say that out loud. So it seems to me maybe we should all just agree that Article III standing isn't a problem here, unless you think it is. I understand that Illinois has a different set of standards. We all understand Illinois law. But for right now, we're talking about the federal court. Understood. And it's not accurate to say that we don't take a position on Article III. We do say in the briefing that we think that the district court was correct and that the case should be remanded and that the district court's ruling should be affirmed. So it's not accurate to say that we've totally failed you. You say the district judge is correct for a reason other than the one the judge gave. I'm trying to get you to address the reason the judge gave. It's a jurisdictional issue. It is something we are highly likely to decide. Well, Your Honor, it's an issue that the court can't reach unless it first determines as a threshold matter that removal was proper. Well, you're making a point that's a different point, I'm going to suggest, because we have a couple of issues here. The Supreme Court has told us in cases such as Rurgas and Sinochem that some of these preliminary issues can be taken up in whatever order the court wants. So we have an issue, was removal proper? We have an issue whether fundamental Article III jurisdiction exists in this case. We have an issue within the removal issue about the complete preemption doctrine and the Class Action Fairness Act. They may be the kind of issue that the Supreme Court was talking about in Rurgas where maybe we don't have to think about Article III if we say that the removal is bad to begin with or let's assume maybe we do the Article III analysis and we come out however we come out, that would affect whether other issues have to be reached. But Judge Easterbrook is asking you, and I think you need to answer, suppose we've wiped everything off the page except Article III, where are you? Well, so normally if there are multiple threshold jurisdictional issues, the court would have discretion to address them in either order. But in this situation, for the court to reach the issue of standing, it would essentially rob the state court of the right to determine that issue. No, it wouldn't. Those are two different issues. I don't see that at all. If a federal court wants to have tighter standing rules or tighter justiciability rules than a state court, the federal court can do that, and if the case wound up getting remanded to the state court, the state court might have the authority to issue an advisory opinion. Some state courts do. The state court might have less stringent standing requirements. Some state courts do. So you wouldn't have issue preclusion between the federal court and the state court. It's a different issue. Understood, Your Honor. Under this court's Collier decision, this court held that a state's standing doctrine is the business of its own court. Right. And it's not this court's position to venture a guess as to how a state court would resolve a particular issue. But what about, suppose there were no state courts. Suppose this case had started out in the federal district court. See if I can divorce you from the state court this way. Would your clients have Article III standing, or is this just a naked procedural point under the biometric statute? For me to address a hypothetical scenario where we filed the case in federal court to begin with, and we were the proponents of federal jurisdiction, for me to address that would invite the court to render an advisory opinion on a hypothetical subject that's not before the court. That's not right, actually. It's just not correct. I think we just have to take it that you're refusing to address a jurisdictional issue. No, that's not what I'm saying, Your Honor. It is. We do address it. You have been asked by two members of this court to give your views on the question whether there is Article III case for controversy jurisdiction in this case. And we have not yet heard your answer. You keep telling us you don't have to answer that question. Well, lawyers don't have to answer judges' questions, but there are sometimes consequences. Well, Your Honor, this situation has come up multiple times in the Northern District of Illinois before judges like Judge Dow and others, who have encountered situations where a defendant removes a case and then immediately turns around and challenges Article III jurisdiction. And what the courts have held in those situations – We're not asking what district courts have held. We are asking what your position is. Is it your position that your clients have suffered injury in fact? And if so, what is that injury? That's the question. And think of cases such as Spokio and the like. There may be a perfectly good answer to that question. I assume you do have a theory of injury in fact if it comes to that. But remember, subject matter jurisdiction isn't just an issue that belongs to the parties. It's an issue fundamentally that is of concern to the courts. Understood, Your Honor. So in this biometric protection, is this like a common law privacy statute? Is this, you know, we just want for the sake of the thrill of getting notice, you know, a notice from somebody that we then throw away in the recycling as soon as it comes in? What is this statute doing for people? Well, Your Honor, it's a privacy statute. And as we discuss in our brief, we do cite Spokio. We do cite the Supreme Court's recent decision in Frank v. Gauss. And we acknowledge that not only is there significant uncertainty surrounding Article III jurisdiction in these cases involving statutory privacy claims, but we also acknowledge that there is some doubt as to whether the facts here would meet the standards articulated in Spokio. And for that reason, we request in our brief that the district court's order be affirmed. So we do address it in our brief. But again, this is an issue that is properly left to the state court following remand. It's not an issue if the court determines that removal was improper and that there's no federal subject. But what if we decide, look, you're still here. We could decide that your opponents are correct, that some reading of lingo means that there's inherently a federal question, or that these allegations about diversity are sufficient for the Class Action Fairness Act or whatever. And then you're left only with where the district court was. And so that is a conceivable outcome. That's true, Your Honor. And then you have to decide. Is your position going to be that this statute gives real and enforceable rights to people in the position of your client that meet Article III standards or not? So if the court were to determine that removal was proper and it had federal subject matter jurisdiction either under Section 1331 or the Class Action Fairness Act, then it would be able to reach the Article III issue that the district court did. And in that situation, our position, again, is that the district court's order is correct and that remand should be affirmed on the basis of articulation. So your position is that there is no Article III case or controversy because your clients did not suffer injury in fact. You've been asked expressly. I know you're trying to tiptoe. You're trying to tiptoe so much that you have wasted your entire oral argument and aren't going to get to address the merits. But the thing you're tiptoeing around, whether your clients have suffered injury in fact, is something I don't understand why you are unwilling to assert that they have. Is there some important strategic goal that you're trying to achieve by refusing to assert that your clients have been injured? Your Honor, it's a question of where this case belongs and which court properly has jurisdiction over this case. These are fundamental issues. It's not a matter of strategy. It's not a matter of tiptoeing. These are important issues that parties have an obligation to address. But it is a matter of your plainly refusing to answer questions from the court, questions about subject matter jurisdiction. And I have never seen a lawyer flatly refuse to address subject matter jurisdiction before. Well, Your Honor, I... It's unethical. It is simply unethical. Again, this issue has come before judges in the Northern District multiple times where neither party is advocating for... But we're the Seventh Circuit. Maybe we'll resolve it. You can't say some say yes, some say no. Well, in situations where neither party is willing to defend the court's subject matter jurisdiction under Article 3, the proper thing to do is to remand the case. No, it is not. Which is exactly what the district court did. The proper thing to do is to decide. Parties can't stipulate that there is jurisdiction and they can't stipulate that there is not. We have to decide on our own. It's a fundamental requirement of judges. And we are entitled to the assistance of the bar, which you are not providing. Understood, Your Honor. And in this situation, in this case, both parties are taking the position that there is no Article 3 jurisdiction. All right. I'm going to take that as your answer and that will be your argument because your time is expired. Because you've wasted your entire time. All right. Anything further, Ms. Dolph? I can't remember. She's got... Oh, you went over time. I think we'll leave it at that and we'll just take the case under advisement and move on.